IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Charles Grady Shehan, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Kathy White, Shana Peeler, Allane Roach, Malina Brackles, <br><br> Defendant. | Case No. 8:25-cv-06661-JDA <br><br> **<u>OPINION AND ORDER</u>** |

This matter is before the Court on Plaintiff's Amended Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiff's motion to appoint counsel and for extension. [Docs. 11; 17; 20.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On July 2, 2025, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] After the Court issued an Order notifying Plaintiff that his Complaint was subject to summary dismissal for reasons the Order identified [Doc. 9], the Clerk docketed an Amended Complaint from Plaintiff on July 18, 2025 [Doc. 11]. By Order dated September 22, 2025, the Court notified Plaintiff that his Amended Complaint was also subject to summary dismissal for reasons the Order identified and warned Plaintiff that his action would be recommended for summary dismissal without further leave to amend if he failed to file a second amended complaint by October 14, 2025, correcting those deficiencies. [Doc. 14.] After Plaintiff failed to do

so, the Magistrate Judge issued a Report on October 24, 2025, recommending that the action be dismissed without issuance and service of process and without leave to amend for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and, alternatively, for failure to state a claim.[1]  [Doc. 17.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 11.]  Plaintiff has not filed objections, and the time for doing so has expired.  On November 17, 2025, however, the Clerk docketed a motion from Plaintiff in which he "[r]equest[ed] more time to comply with Magistrate Judge William S. Brown" and also requested appointment of counsel.  [Doc. 20.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

---

[1] Regarding the failure of the Amended Complaint to state a claim, the Report explains that Plaintiff makes no allegations against the named Defendants and, in any event, the allegations of the events underlying his claim are too vague and conclusory to state a claim for relief.  [*Id.* at 7–10.]

2

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Regarding Plaintiff's motion for extension of time to file objections and his motion for appointment of counsel, Plaintiff identifies no reason why he is entitled to either, nor does he otherwise comply with the applicable Local Civil Rule 6.01, D.S.C. (providing that motions for enlargement of time must be accompanied by a statement giving the reasons therefor and should include the proposed date of the new deadline). [*See generally* Doc. 20.] Accordingly, Plaintiff's request for an extension and for appointment of counsel are denied.[2]

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED without issuance or service of process, without leave to amend, and without prejudice. Plaintiff's motion to appoint counsel and for extension [Doc. 20] is DENIED.

---

[2] There is no constitutional right to appointed counsel in a civil case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1971). Although the Court may exercise its discretion to appoint counsel for litigants proceeding pro se, *see* 28 U.S.C. 1915(e)(1), it may do so only in exceptional circumstances, *see Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) ("The district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities."). Plaintiff's request does not raise any exceptional circumstances that would justify the appointment of counsel.

3

IT IS SO ORDERED.

                                                     s/ Jacquelyn D. Austin
                                                     United States District Judge

November 24, 2025
Greenville, South Carolina

**<u>NOTICE OF RIGHT TO APPEAL</u>**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.